**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ADAM LIMBRICK,

Petitioner,

vs.

DOMINGO URIBE, JR., Warden

Respondent.

CASE NO. 10cv2376-JLS (MDD)

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: REGARDING RESPONDENTS' MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS

[Doc. No. 9]

Respondents' motion to dismiss the Petition for Writ of Habeas Corpus has been referred to Magistrate Judge Dembin pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons set forth herein, it is recommended that Respondent's motion be **DENIED.**

## I. PROCEDURAL BACKGROUND

Petitioner Adam Limbrick, (hereinafter "Petitioner" or "Limbrick"), a state prisoner currently serving his sentence of life without the possibility of parole, is proceeding *pro se* with a Petition for Writ of Habeas Corpus. [Doc. No. 1.] Domingo Uribe, Jr., Warden (hereinafter "Respondent") has moved this Court to dismiss the Petition because it is a mixed petition containing an unexhausted claim. [Doc. No. 9.] Petitioner submitted his Opposition to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus. [Doc. No. 11.]

Based upon documents presently before the court and for reasons stated below, the Court **RECOMMENDS** Respondent's Motion to Dismiss be **DENIED.**

## II. STATEMENT OF FACTS

On March 16, 2007, Petitioner was sentenced to state prison for life without the possibility of parole for murder, a consecutive term of life with the possibility of parole for attempted premeditated murder, a consecutive term of 25 years to life for the personal use of a firearm enhancement, and a consecutive determinate term of 48 years. [Doc. No. 9 at 2.] Petitioner is currently serving his sentence in state prison. [Doc. No. 9 at 1.]

On February 5, 2010, the California Court of Appeal affirmed the conviction. (Case D050414.) (Lodgement 5.) The California Supreme Court denied the petitions for review on January 9, 2010. (Lodgement 8.)

On November 17, 2010, Petitioner filed a petition for Writ of Habeas Corpus with the United States District Court for the Southern District of California. [Doc. No. 1.] (Case No. 10-cv-2376.)

On March 3, 2011, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus Due to Lack of Exhaustion of Claim Four. [Doc. No. 9.] In response, Petitioner filed his Opposition to Respondent's Motion to Dismiss on April 18, 2011. [Doc. No. 11.]

## III. SUMMARY OF ARGUMENTS

Respondent's Motion to Dismiss asserts that the Petition for Writ of Habeas Corpus should be dismissed because it contains an unexhausted claim. [Doc. No. 9. at 6.] Respondent contends that Claim Four is unexhausted. [Doc. No. 9. at 6.] In Claim Four, Petitioner asserts that one of the statutes of which he was convicted is unconstitutionally vague. The defect claimed by the Petitioner is that there is no distinction between the actus reas or mens rea requirements for first degree felony murder and a special circumstances murder. [Doc. No. 9. at 6.] Respondent contends that Claim Four was raised on direct appeal in the California Court of Appeal but was not included in his petition for review in the Supreme Court. [Doc. No. 9. at 6.]

Petitioner concedes in his Opposition to Respondent's Motion to Dismiss that his Petition contains an unexhausted claim. [Doc. No. 11 at 1.] He wishes to dismiss the unexhausted claim and continue with his remaining claims. [Doc. No. 11 at 1.]


## IV. STANDARD OF REVIEW

**A. Unexhausted Claims**

Generally, an application for a writ of habeas corpus that contains unexhausted claims must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, federal courts have the discretion to deny a habeas application on the merits notwithstanding a petitioner's failure to fully exhaust state judicial remedies. *See* 28 U.S.C.A. § 2254(b)(2) (West Supp. 2006); *Liegakos v. Cooke*, 106 F.3d 1381, 1388 (7th Cir. 1997). To exhaust state judicial remedies, a state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-134 (1987). The petitioner must have raised the very same federal claims brought in the federal petition before the state supreme court. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. at 366.

## V. DISCUSSION

**A. The Petition Contains Unexhausted Claims**

Petitioner concedes in his Opposition to Respondent's Motion to Dismiss that his Petition contains an unexhausted claim. [Doc. No. 11 at 1.] He "chooses the option of deleting claim 4 from the §225A petition and proceeding on the remaining exhausted claims contained therein." [Doc. No. 11 at 1.] However, Petitioner fails to acknowledge that dismissing claim four will be <u>with</u> prejudice. To ensure the Petitioner fully understands the consequences of his actions and his available options, the Court has outlined them below. The below does not provide legal advice. It merely lists the options that may be available to petitioners who file unexhausted claims in federal court. The decision on how to proceed is solely and exclusively up to Petitioner. Where there is a possible unexhausted claim Petitioner has the option of:

(1) filing further papers with the Court to demonstrate that Petitioner has in fact exhausted all claims in state court; or

(2) filing a request for voluntary dismissal with prejudice of unexhausted claims and

proceeding in the current federal action with only the exhausted claims (if Petitioner chooses this option, his abandoned unexhausted claims may be forever barred from federal court habeas review); or

(3) filing a request for dismissal without prejudice of the current federal action and going to state court to exhaust all unexhausted claims (Petitioner should consider whether all of his federal claims will be barred by the one-year statute of limitations before choosing this option.); or

(4) filing a motion to stay the federal proceeding while he returns to state court to exhaust his claims his unexhausted claims. The two methods available are the "stay and abeyance", and the "withdrawal and abeyance" procedure. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005); *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

Under the "stay and abeyance" procedure Petitioner must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing them in state court, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277-78. Petitioner should ask the court to stay his mixed petition while he returns to state court to exhaust.

Under the "withdrawal and abeyance" procedure Petitioner does not need to show good cause for his failure to timely exhaust. However, the newly exhausted claims must either be timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition by sharing a "common core of operative facts" with the previously exhausted claims. *Mayle*, 545 U.S. 644, 659. If Petitioner wishes to use the "withdrawal and abeyance" method he must voluntarily withdraw his unexhausted claims and ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance until he can exhaust them in state court. After this exhaustion, Petitioner must seek permission to amend his petition to include the newly exhausted claims. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2005).

As noted above, Petitioner has acknowledged that his petition contains an unexhausted claim. Based on Petitioner's request to dismiss the unexhausted claim four, the Court recommends that Defendant's motion be DENIED.

## VI. CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons **IT IS HEREBY RECOMMENDED** that the Court issue

an Order: (1) approving and adopting this Report and Recommendation; (2) **DENYING** Respondent's Motion to Dismiss as set forth herein.

If Petitioner chooses not to take any action the unexhausted claim will be dismissed **WITH** prejudice in order to proceed in the current federal action with only the exhausted claims. If Petitioner chooses to take action, **IT IS ORDERED** that he do so no later than **July 8, 2011**

**IT IS FURTHER ORDERED** that Respondent reply to Petitioner's action, if any, no later than **July 29, 2011.**

**IT IS SO ORDERED.**

**DATED: June 29, 2011**

**Hon. Mitchell D. Dembin**
**U.S. Magistrate Judge**